UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRANDON CITIZEN** | **CIVIL ACTION NO. 12-2422** |
| **# 338915** | **SECTION P** |
| VS. | **JUDGE MINALDI** |
| **TERRY TERRELL, ALLEN** | |
| **CORRECTIONAL CENTER** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Brandon Citizen, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DOC), filed the instant petition for writ of *mandamus* on September 13, 2012. Petitioner is housed at Allen Correctional Center (ACC), Kinder, Louisiana, and names Terry Terrell and ACC as his defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

### *Background*

On May 6, 1999, a Calcasieu Parish Grand Jury indicted petitioner. Doc. 1, p. 4. On December 5, 2001, the date petitioner's jury trial was scheduled to commence, petitioner entered into a plea agreement and pled guilty to possession of a firearm by a convicted felon, second degree kidnapping, and illegal discharge of a weapon. *Id.*, pp. 4–5. Under the terms of the plea agreement, a charge of aggravated assault on a peace officer with a firearm was dismissed and the State agreed to recommend the imposition of concurrent sentences totaling ten years. *Id.*, p.

5. During the course of the plea colloquy, however, the judge told the petitioner that, notwithstanding the state's recommendation, he could give the defendant "something less or something more" and that the defendant "would not be allowed to withdraw [his] guilty plea." *Id.*, p. 7. The petitioner then acknowledged that he understood the judge's terms. *Id.*

Thereafter, the trial court sentenced petitioner to thirty-five years without benefit of parole, probation, or suspension of sentence for the second degree kidnapping charge; ten years without benefit of parole, probation, or suspension for possession of a firearm by a convicted felon; and two years on the illegal discharge of a firearm, all of which to run concurrently. *Id.*, p. 9. The trial court also denied petitioner's motion to withdraw his guilty plea "based on the breach of the stipulated agreement." *Id.*

Petitioner filed a *pro se habeas* petition pursuant to 28 U.S.C. § 2254 in the Western District of Louisiana on November 19, 2007, raising two claims for relief: (1) that he was denied a fair trial and due process of law when Judge Minaldi, who had previously been an Assistant District Attorney, failed to recuse herself and, (2) that he was denied the effective assistance of trial counsel when counsel persuaded him to plead guilty. *Citizen v. Allen Correctional Center*, 2:07 cv-01963, Doc. 1, p. 2. The court dismissed petitioner's *habeas* petition, finding that "[p]etitioner's plea was knowing and voluntary; he has not demonstrated bias on the part of Judge Minaldi so as to have warranted her recusal, and, he has not demonstrated that his trial counsel provided ineffective assistance." *Id.*, Doc. 13, p. 19.

### *Instant Petition*

As stated above, petitioner filed the instant petition for writ of *mandamus* on September 13, 2012. Here he challenges the denial of his § 2254 petition in the matter previously filed in

this district and asks this court to impose "the 10 year concurrent sentences made applicable by the plea bargain stipulation." Doc. 1, p. 10.

## *Law and Analysis*

Petitioner seeks to invoke the *mandamus* jurisdiction of this court. Although the writ of *mandamus* was abolished by Fed.R.Civ.P. 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Actions in the nature of *mandamus* are provided for in 28 U.S.C. § 1361, which states that "[t]he district courts shall have original jurisdiction of any action in the nature of *mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The federal district courts do not have jurisdiction to issue writs of *mandamus* against a state actor or agency. See *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); See *Noble v. Cain*, No. 04-30099, 2005 WL 361818123, 152-53 (5th Cir. Feb. 16, 2005) (citing *Moye* to hold that "*mandamus* relief… is not available to federal courts to direct state officials in the performance of their duties and function"). Thus, petitioner's request for *mandamus* relief cannot be granted because he seeks issuance of the writ against the ACC, a state agency.

Furthermore, petitioner's request for a release earlier than that imposed by the trial court is cognizable only in the context of a *habeas corpus* action pursuant to 28 U.S.C. § 2254. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when a litigant seeks immediate or speedier release from confinement, his sole cause of action is a petition for writ of *habeas corpus*); *Caldwell v. Line*, 679 F.2d 494, 496 (5th Cir. 1982). Section 2244(b) of Title 28, *United States Code*, requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. A petition is successive "when it raises a claim that

was, or could have been, raised in an earlier petition." See *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003) (quoting *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)).  Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. § 2244(b)(3)(A).  Petitioner has previously sought *habeas* relief in this district (*Citizen v. Allen Correctional Center*, 2:07 cv-01963) and has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals.

### *Conclusion*

To the extent petitioner's claim is one seeking a writ of *mandamus* against the ACC, a state agency, the petition must be dismissed for lack of jurisdiction.  To the extent petitioner's claim is one seeking *habeas* relief under § 2254 it must be dismissed as successive.

Therefore,

**IT IS RECOMMENDED** that the instant petition for writ of *mandamus* pursuant to 28 U.S.C. § 1361 be **DISMISSED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 31st day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE